1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

KEKER, VAN NEST & PETERS LLP
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
KATHRYN BOWEN- # 312649
kbowen@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATHANIEL WHITSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LYFT, INC. and DOES 1-20, inclusive,<br><br>　　　　Defendant. | Case No. 18-cv-06539-VC<br><br>**DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　　February 21, 2019<br>Time:　　　10:00 a.m.<br>Dept.:　　　Courtroom 4 - 17th Floor<br>Judge:　　　Hon. Vince Chhabria<br><br>Date Filed:　October 26, 2018<br><br>Trial Date:　Not yet set |

1315944

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ......................................................1

III.    RELEVANT FACTS ................................................................................................2

IV.     LEGAL STANDARD ...............................................................................................2

V.      ARGUMENT .............................................................................................................3

        A.      Whitson fails to state a claim for unpaid overtime and minimum wages
                under the FLSA.................................................................................................3

        B.      The Court should stay Whitson's state law claims under *Colorado River*. ............6

        C.      Alternatively, the Court should dismiss Whitson's remaining state law
                claims. ...............................................................................................................8

                1.      The Court should decline to exercise supplemental jurisdiction over
                        Whitson's state law claims if it dismisses his FLSA claim. .......................8

                2.      If the Court chooses to exercise jurisdiction, it should dismiss
                        Whitson's state law causes of action for failure to state a claim. ...............9

VI.     CONCLUSION.........................................................................................................14

i

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY;
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 18-cv-06539-VC

1315944

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...................................................................................2, 3

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1990) .................................................................3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...................................................................................2, 3

*Boyd v. Bank of Am. Corp.,*
    109 F. Supp. 3d 1273 (C.D. Cal. 2015) .................................................11

*Carnegie-Mellon Univ. v. Cohill,*
    484 U.S. 343 (1988).................................................................................8

*Carter v. Rasier-Ca, LLC,*
    724 F. App'x 586 (9th Cir. 2018) ..........................................................4, 5

*Cleveland v. Groceryworks.com, LLC,*
    200 F. Supp. 3d 924 (N.D. Cal. 2016) ...................................................10

*Colorado River Water Conserv. Dist. v. United States,*
    424 U.S. 800 (1976)...................................................................1, 6, 7, 8

*Del Rio v. Uber Techs., Inc.,*
    No. 15-cv-03667-EMC, 2016 WL 10837864 (N.D. Cal. Mar. 28, 2016) .......................*passim*

*Harris v. Vector Mktg. Corp.,*
    656 F. Supp. 2d 1128 (N.D. Cal. 2009) .................................................11

*Landers v. Quality Comms., Inc.,*
    771 F.3d 638 (9th Cir. 2014) ..............................................................*passim*

*Lawson v. Grubhub, Inc.,*
    302 F. Supp. 3d 1071 (N.D. Cal. 2018) .................................................12

*Levert v. Trump Ruffin Tower I, LLC,*
    No. 2:14-cv-01009-RCJ, 2015 WL 133792 (D. Nev. Jan. 9, 2015) ...........................9

*Mine Workers v. Gibbs,*
    383 U.S. 715 (1966).................................................................................8

*Nakahata v. New York–Presbyterian Healthcare Syst., Inc.,*
    723 F.3d 192 (2d Cir. 2013)....................................................................3

ii

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY;
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 18-cv-06539-VC

1315944

*Nakash v. Marciano*,
    882 F.2d 1411 (9th Cir. 1989) ................................................................................6, 8

*Pedroza v. PetSmart, Inc.*,
    No. ED CV 11-298 GHK DTB, 2012 WL 9506073 (C.D. Cal. June 14, 2012) .....................11

*Pruell v. Caritas Christi*,
    678 F.3d 10 (1st Cir. 2012).................................................................................3

*R.R. St. & Co. v. Transp. Ins. Co.*,
    656 F.3d 966 (9th Cir. 2011) ...............................................................................6

*Raphael v. Tesoro Ref. & Mktg. Co. LLC*,
    No. 15-cv-02862-ODW, 2015 WL 4127905 (C.D. Cal. July 8, 2015)........................................9

*Razak v. Uber Techs., Inc.*,
    No. CV 16-573, 2018 WL 1744467 (E.D. Pa. Apr. 11, 2018) .................................................12

*Reber v. AIMCO*,
    No. SA CV07–0607 DOC, 2008 WL 4384147 (C.D. Cal. Aug. 25, 2008)........................................11

*Rice v. Fox Broad. Co.*,
    330 F.3d 1170 (9th Cir. 2003) ...............................................................................14

*Ridgeway v. Wal-Mart Stores Inc.*,
    No. 08-cv-05221-SI, 2017 WL 363214 (N.D. Cal. Jan. 25, 2017)..........................................10

*Romano v. SCI Direct, Inc.*,
    No. 2:17-cv-03537-ODW(JEM), 2017 WL 8292778 (C.D. Cal. Nov. 27, 2017) ..........9, 10, 13

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ................................................................................8

*St. Claire v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*),
    536 F.3d 1049 (9th Cir. 2008) ...............................................................................2

*Suarez v. Bank of Am. Corp.*,
    No. 18-cv-01202-MEJ, 2018 WL 2431473 (N.D. Cal. May 30, 2018)...................................10

*Syed v. M-I LLC*,
    No. Civ. 1:14-742 WBS, 2014 WL 4344746 (E.D. Cal. Aug. 28, 2014) ................................9

*Tan v. GrubHub, Inc.*,
    171 F. Supp. 3d 998 (N.D. Cal. 2016) ......................................................4, 5, 9, 10

*Velasco v. Elliot*,
    No. 18-cv-03191-VKD, 2018 WL 6069009 (N.D. Cal. Nov. 20, 2018) ................................4

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...............................................................................14

iii

1315944

*Woods v. Vector Mktg. Corp.*,
    No. C-14-0264-EMC, 2015 WL 2453202 (N.D. Cal. May 22, 2015) (Chen, J.) ...................11

*Yucesoy v. Uber Techs., Inc.*,
    No. 15-cv-00262-EMC, 2015 WL 6955140 (N.D. Cal. Nov. 10, 2015) .......................1, 3, 4, 5

**State Cases**

*Amaral v. Cintas Corp. No. 2*,
    163 Cal. App. 4th 1157 (2008) .................................................................11, 12

*Diaz v. Grill Concepts Servs., Inc.*,
    23 Cal. App. 5th 859 (2018) ............................................................................11

*Dynamex Operations West v. Super. Ct.*,
    4 Cal. 5th 903 (2018) .....................................................................................12

*Garcia v. Border Transp. Grp., LLC*,
    28 Cal. App. 5th 558 (2018) .............................................................................12

*Noe v. Super. Ct.*,
    237 Cal. App. 4th 316 (2015) .......................................................................9, 10

*S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations*,
    48 Cal. 3d 341 (1989) ................................................................................11, 12

**Federal Statutes**

28 U.S.C. § 1331 ................................................................................................9

28 U.S.C. § 1367(c)(3) ........................................................................................8

29 U.S.C. § 206(a)(1) ..........................................................................................2

29 U.S.C. § 255(a) ..............................................................................................2

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................2, 7, 9, 14

Cal. Lab. Code § 226 ....................................................................................9, 10, 11

**Rules**

Fed. R. App. P. 32.1 .............................................................................................5

Fed. R. Civ. P. 8 ..................................................................................................1

Fed. R. Civ. P. 9(b) .............................................................................................14

iv

1315944

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 2

U.S. Ct. of App. 9th Cir. Rule 36-3 ..............................................................................5

**Regulations**

Cal. Code Regs. Title 8 § 13520 ...................................................................................11

IWC Wage Order No. 16, § 7(B)..................................................................................11

**Other Authorities**

*B Olson v. Lyft, Inc.*,
  Case No. CGC-18-566788 .....................................................................7, 8, 13

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY;
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 18-cv-06539-VC

1315944

1

## NOTICE OF MOTION

2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3

4

    **PLEASE TAKE NOTICE** that at the time and place set forth above, or as soon thereafter as the matter may be heard, Defendant Lyft, Inc. ("Lyft") will move the Court for an order

5

dismissing and/or staying Plaintiff's first amended complaint pursuant to Federal Rule of Civil

6

Procedure 12(b)(6).  The grounds for this motion are that Plaintiff's claims (1) fail to state a claim

7

upon which relief can be granted; and/or (2) should be dismissed or stayed in an appropriate

exercise of the Court's discretion.

8

    This motion is based upon this Notice of Motion and Motion, the Memorandum of Points

9

and Authorities in Support of the Motion to Dismiss or Stay, Lyft's Request for Judicial Notice,

10

the Declaration of Kathryn Bowen in Support of the Motion ("Bowen Decl."), all pleadings and

11

papers on file in this action, and upon such further oral and written argument and evidence as may

12

be presented at or prior to the hearing of this matter.

13

Dated:  January 15, 2019                    KEKER, VAN NEST & PETERS LLP

14

15

                             By:     */s/ R. James Slaughter*

16

                                  R. JAMES SLAUGHTER
                                  ERIN E. MEYER

17

                                  KATHRYN BOWEN

18

                                  Attorneys for Defendant LYFT, INC.

19

20

21

22

23

24

25

26

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY;
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 18-cv-06539-VC

1315944

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**[1]

Defendant Lyft, Inc. ("Lyft") moves to dismiss Plaintiff Nathaniel Whitson's first amended complaint because Whitson does not articulate a theory or facts to support his only federal claim for unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA").  Despite his attempt to cure the complaint's deficiencies, Whitson still fails to define what qualifies as "work"—*i.e.*, merely logging into the Lyft application or actually driving on it—and to allege specific facts, including an hourly rate of pay, that would allow the Court and Lyft to understand his claim for unpaid wages.  *Landers v. Quality Comms., Inc.*, 771 F.3d 638 (9th Cir. 2014); *Yucesoy v. Uber Techs., Inc.*, No. 15-cv-00262-EMC, 2015 WL 6955140, at *3–4 (N.D. Cal. Nov. 10, 2015).  Courts in this district have repeatedly dismissed similarly-pled wage claims against sharing economy defendants.

Once the Court dismisses Whitson's FLSA claim, it should dispose of this action in its entirety.  It can do so in any of three ways: by staying those claims under the *Colorado River* doctrine, by declining to exercise supplemental jurisdiction over Whitson's remaining state law claims, or by rejecting those claims under Federal Rules of Civil Procedure 8 and 12(b)(6).  In short, the Court should not—and need not—devote additional time or resources to Whitson's facially deficient complaint.

**II.     STATEMENT OF ISSUES TO BE DECIDED**

This motion raises the following issues:  (1) whether a plaintiff can state a FLSA claim for unpaid overtime and minimum wages where he fails to explain what qualifies as "work" or allege an hourly rate of pay; (2) whether a federal court should stay a plaintiff's state law claims where an earlier-filed and virtually identical state court case is likely to resolve the issues before it; (3) whether a federal court should retain jurisdiction over state law claims that are not otherwise

---

[1] Throughout this brief, unless otherwise stated, emphases were added to quotations, and internal punctuation, alterations, and citations were omitted from them.

1315944

subject to its original jurisdiction; and (4) whether California Labor Code claims can succeed when no specific factual allegations support them.

## III.    RELEVANT FACTS

In 2012, Lyft created a smartphone application (the "Lyft platform") that connects people seeking rides with drivers who provide them.  Whitson alleges that he began using the Lyft platform as a driver in Southern California on October 2, 2018, three weeks before filing his original complaint.  *See* Dkt. Nos. 1 ("Compl."), 17 ("FAC") ¶¶ 10–11.  Whitson claims that he "worked" as a Lyft driver from October 2 through October 9, 2018 and from October 23 through 30, 2018.  FAC ¶¶ 12, 43.  Whitson also claims that he is "currently employed as a Lyft driver." *Id.* ¶ 3.  Whitson alleges that his "workweek" starts on the "Tuesday of each week." *Id.* ¶ 42.  According to Whitson, he "typically performs long driving shift [sic] drives each Friday, Saturday, and Sunday, with the Sunday shift sometimes spilling over into Monday." *Id.*

On December 18, 2018, Whitson filed an amended complaint.  Whitson asserts nine causes of action for: unpaid minimum and overtime wages in willful violation of the FLSA, 29 U.S.C. § 206(a)(1), § 255(a), and the California Labor Code; willful misclassification; inaccurate wage statements; failure to provide meal and rest breaks; failure to reimburse for business expenses; unlawful deduction from wages; and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

## IV.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must plead facts showing that his "right to relief [rises] above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court must accept material ***factual*** allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and pleadings that are "no more than conclusions, are not entitled to the assumption of truth." *Id*. at 678, 679.  Furthermore, the Court need not accept the truth of any allegations that are contradicted by matters properly subject to judicial notice or by exhibits attached to the complaint. *St. Claire v. Gilead Scis., Inc. (In re*

1 *Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  Finally, dismissal is proper if the

2 complaint lacks "a cognizable legal theory or the absence of sufficient facts alleged under a

3 cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4 **V.   ARGUMENT**

5 **A.   Whitson fails to state a claim for unpaid overtime and minimum wages under the FLSA.**

6 Whitson fails to adequately allege his FLSA claim for unpaid minimum and overtime

7 wages.  In *Landers*, the Ninth Circuit articulated a plaintiff's burden for pleading this claim after

8 *Twombly* and *Iqbal*: "[A] plaintiff asserting a claim to overtime payments . . . may establish a

9 ***plausible*** claim by estimating the length of her average workweek during the applicable period

10 ***and*** the average rate at which she was paid, the amount of overtime wages she believes she is

11 owed, ***or*** any other facts that will permit the court to find plausibility."  771 F.3d at 644–46.[2]  The

12 *Landers* court accordingly found insufficient the plaintiff's "generalized allegations asserting

13 violations of the [FLSA's] minimum wage and overtime provisions," noting the absence of "any

14 detail regarding a given workweek when [plaintiff] worked in excess of forty hours and was not

15 paid overtime . . . and/or. . . minimum wage."  *Id.*[3]

16 Courts in this district have repeatedly dismissed conclusory claims brought by drivers

17 against their alleged employers.  For instance, the court in *Yucesoy* dismissed claims for unpaid

18 overtime and minimum wages brought by drivers on the Uber application.  2015 WL 6955140, at

19 *4.  At that stage in the case, the *Yucesoy* drivers had amended their complaint to specify at least

---

20 [2] The *Landers* court noted that this reasoning applied "with equal force to Landers's minimum

21 wage claims."  771 F.3d at 645 n.1.

22 [3] In addition, the Ninth Circuit in *Landers* relied on decisions of the First and Second Circuits that

23 likewise support Lyft's position.  In *Pruell v. Caritas Christi*, the First Circuit dismissed the plaintiffs' FLSA claim because they failed to describe the time that was unpaid or the work

24 performed during overtime periods, or to provide estimates of the overtime amounts owed.  *See* 678 F.3d 10, 13 (1st Cir. 2012).  Similarly, the Second Circuit in *Nakahata v. New York–*

25 *Presbyterian Healthcare Syst., Inc.* dismissed the plaintiffs' overtime wage claim in the absence of "sufficient detail about the length and frequency of their unpaid work" that would "support a

26 reasonable inference that they worked more than forty hours in a given week."  723 F.3d 192 (2d Cir. 2013).

3

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY;
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 18-cv-06539-VC

1315944

1   one week (the week of July 16, 2015) in which a plaintiff allegedly "logged in to receive ride

2   requests from Uber" and was paid less than the minimum wage "after deducting the cost of his

3   car and gas expenses." *Id.* at *3.  Judge Chen rejected these allegations as inadequate, stating:

4   "Plaintiffs provide no information for how this hourly amount was calculated and why [the

5   plaintiff's] hours logged into the Uber app should be considered compensable time." *Id.* at *4.

6   Partly as a result, the court found that plaintiffs' minimum wage theory was "unclear, *e.g.*, as to

7   whether [plaintiffs] contend that drivers are at 'work' whenever the Uber app is on." *Id.*  The

8   *Yucesoy* court rejected the plaintiffs' overtime wage claim for similar reasons: that is, plaintiffs

9   failed to "allege how the basic rate of pay is calculated or their precise theory of overtime." *Id.*

10  That court underscored that the drivers must "explain their theory—and plead *specific* facts

11  supporting their theory, including what qualifies as 'work'—in the complaint." *Id.* (emphasis and

    quotations in original).

12          So too in *Del Rio v. Uber Techs., Inc.*, No. 15-cv-03667-EMC, 2016 WL 10837864, at *3

13  (N.D. Cal. Mar. 28, 2016).  There, Judge Chen granted Uber's motion to dismiss the plaintiffs'

14  FLSA claim again for failure to define "work, *i.e.*, whether Plaintiffs contend that they [are]

15  drivers at work whenever the Uber app is on." *Id.* (citing *Yucesoy*, 2015 WL 6955140, at *3).

16  Absent pleading this basic premise, the court found that the plaintiffs could not satisfy the

17  *Landers* standard.  Similarly, in *Tan v. GrubHub, Inc.*, the court held that food delivery drivers

18  failed to state a plausible claim absent facts "about what period of time or type of conduct

19  Plaintiffs [were] counting as hours worked."  171 F. Supp. 3d 998, 1007–08 (N.D. Cal. 2016);

20  *accord Velasco v. Elliot*, No. 18-cv-03191-VKD, 2018 WL 6069009, at *4 (N.D. Cal. Nov. 20,

21  2018) (dismissing plaintiff's overtime claim where he failed to "indicate what hours between 8:00

22  a.m. and 6:00 p.m. are considered hours of work for which [plaintiff] might be owed

    compensation").

23          The Ninth Circuit recently affirmed this reasoning.  In *Carter v. Rasier-CA, LLC*, the

24  district court dismissed minimum and overtime wage claims against Uber where the plaintiff

25  "critically fail[ed] to explain how he calculated [his minimum wage] figure, his hours worked, or

26  his related hourly rate of pay."  No. 17-cv-00003-HSG, 2017 WL 4098858, at *3 (N.D. Cal. Sept.

4

1315944

15, 2017), *aff'd*, 724 F. App'x 586 (9th Cir. 2018).  The district court found dispositive the plaintiff's failure to clarify whether: (1) his "definition of hours worked" included those where he was "simply logged into the Uber application in driver mode"; and (2) "why such hours should be considered compensable time."  *Id.* (citing *Landers*, 771 F.3d at 646; *Yucesoy*, 2015 WL 6955140, at *3–4; *Del Rio*, 2016 WL 10837864, at *3).  The Ninth Circuit agreed on appeal, finding that the district court properly dismissed the plaintiff's "minimum wage and overtime wage claims under the FLSA and California Labor Code . . . because [he] failed to allege facts sufficient to state plausible claims for unpaid wages."  *Carter v. Rasier-Ca, LLC*, 724 F. App'x 586, 587 (9th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678, 681; *Landers*, 771 F.3d at 644–46).[4]

Whitson does not satisfy this well-recognized pleading standard for at least two reasons.  First, Whitson fails to articulate even a basic theory of unpaid wages.  He does not assert a definition of "work," *i.e.*, whether he is "working" whenever the Lyft application is on *or* only when he is driving on the Lyft platform.  Rather, Whitson states—without further elaboration or clarification—that he "worked" for two seven-day periods in October 2018, and on certain days, performed "long driving shift [sic] drives."  *See* FAC ¶¶ 3, 12, 42–43.  Separately, he alleges that he is still "employed" by Lyft.  *Id.* ¶ 3.  It is unclear how Whitson defines "work," what he considers to be "employment," and whether these are the same in his view.  What is more, Whitson at no point asserts what his hourly rate of pay is.  Whitson does not explain how he calculated his rate of pay, such that he is able to conclude that he was underpaid at all.  *See id.* ¶ 44.  Whitson accordingly states even *less* detail in his amended complaint than the allegations found inadequate in *Yucesoy*, *Del Rio*, *Carter*, and *Tan*.

Second, even if Whitson had a precise theory of overtime or minimum wages, he does not allege specific facts that render his claim *plausible*, not merely possible.  Despite his attempt to cure the complaint's deficiencies, Whitson omits detail that is necessary for his wage claim, including: (1) the hours that Whitson drove on the Lyft platform; (2) the hours that Whitson was logged into the Lyft platform; (3) Whitson's hourly rate of pay; (4) how Whitson calculated his

---

[4] Though not precedent, the Ninth Circuit's unpublished decision in *Carter* can be considered for its persuasive value.  Fed. R. App. P. 32.1; U.S. Ct. of App. 9th Cir. Rule 36-3.

5

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY;
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 18-cv-06539-VC

1315944

rate of pay or the amount he alleges was not paid; and (5) the amount that he claims Lyft owes him in unpaid wages.[5]  *See Landers*, 771 F.3d at 644–46 (providing these allegations as exemplary).  In the absence of this detail, Whitson's conclusory wage claim cannot meet the *Landers* standard.

### B.  The Court should stay Whitson's state law claims under *Colorado River*.

After dismissing Whitson's FLSA claim, the Court should stay Whitson's remaining state law claims under *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976) ("*Colorado River*"), because those claims are the subject of an earlier-filed, substantially identical class-action lawsuit pending in California state court.  In determining the propriety of *Colorado River* abstention, courts typically consider the following eight factors:

> (1) [W]hich court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977–78 (9th Cir. 2011) (citing *Colorado River*, 424 U.S. at 818).  No one factor is dispositive.  *See id.*  The Ninth Circuit has held that *Colorado River* abstention is appropriate where a "majority of relevant factors support a stay."  *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).  This doctrine "rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Id.*

Applying the *Colorado River* factors, the court in *Del Rio* stayed claims for misclassification and various violations of the Labor Code brought by drivers against Uber.  2016 WL 10837864, at *1–2.  The *Del Rio* court weighed the above referenced factors in view of a parallel, overlapping state court proceeding against Uber filed by a different set of plaintiffs.  *See*

---

[5] Similarly, Whitson lacks any facts for his bare assertion that Lyft willfully violated the FLSA. FAC ¶ 49.  Whitson relegates this allegation to one paragraph of his complaint, and fails to plead any facts showing Lyft's intent or knowledge.

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY;
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 18-cv-06539-VC

1   *id.* (citing *Price v. Uber Technologies, Inc.*, Case No. BC554512 (Los Angeles Super. Ct.)).  The

2   court concluded that abstention was appropriate, considering: (1) California law provided the rule

3   of decision for the plaintiffs' claims;[6] (2) the state court proceeding was "fairly advanced,"

4   (3) that action would likely resolve the claims before the federal court; (4) two parallel suits

5   risked "piecemeal litigation" and conflicting results; and (5) the outcome of the similar state court

6   action would protect the federal plaintiffs' rights.  *Id.*

7          The *Del Rio* court's analysis applies here with equal force.  California law provides the

8   rule of decision for eight of Whitson's nine claims.  Whitson's action also trails a virtually

9   identical case pending in San Francisco Superior Court: *B Olson v. Lyft, Inc.*, Case No. CGC-18-

10  566788.[7]  *See* Bowen Decl., Ex. A.  The *Olson* plaintiffs filed suit on May 25, 2018, well in

11  advance of this litigation.  *Id.*  In this view, the first, fourth, and fifth *Colorado River* factors favor

12  abstention.

13         The third, sixth, and seventh *Colorado River* factors also support staying Whitson's state

14  law claims.  The *Olson* action is virtually identical to this case, and will thus "likely resolve" all

15  of the claims before this Court.  *See Del Rio*, 2016 WL 10837864, at *1–2.  As here, the *Olson*

16  plaintiffs assert claims for failure to pay overtime and minimum wages; failure to reimburse

17  expenses; failure to provide properly itemized wage statements; failure to provide meal and rest

18  breaks; and violations of the UCL.  *See* Bowen Decl., Ex. B, 8–16.  Though the *Olson* plaintiffs

19  do not directly allege a separate willful misclassification claim (because they cannot as a matter

20  of law), that allegation: (1) underlies their UCL claim and all of their Labor Code claims; and

21  (2) is brought by one plaintiff as a representative claim under the Private Attorney Generals Act

22  ("PAGA").  *See* Bowen Decl., Ex. B, ¶¶ 33–34, 45, 53, 60, 67, 74, 81–86.  In view of this

23  overlay, allowing *Olson* to advance unencumbered substantially reduces the risk of "piecemeal

---

[6] As discussed above, the plaintiffs in *Del Rio* also raised a federal claim under the FLSA.  The
court dismissed that claim under *Landers* and *Twombly/Iqbal* before staying the plaintiffs'
remaining state law claims.  *See* 2016 WL 10837864, at *3.

[7] As set forth in Lyft's concurrently-filed Request for Judicial Notice, the *Olson* docket and
operative complaint are properly before the Court as publicly-available documents not subject to
reasonable dispute.

1315944

litigation" and conflicting results.  *See id.*  *Olson*'s similarity to this case also ensures that Whitson's individual rights will be protected.  To that end, the putative class in *Olson* ostensibly includes Whitson.  *See id.* ¶ 3 (asserting claims "on behalf of all Lyft Drivers who worked in California from May 22, 2014 through the date of the final disposition of this action (California Class).").

In summary, the majority of the *Colorado River* factors favor a stay of Whitson's state law claims.  That alone is adequate for the doctrine's application.  *Nakash*, 882 F.2d at 1415.  The two remaining factors (inconvenience and forum shopping) do not cast down on this conclusion. *See Del Rio*, 2016 WL 10837864, at *2 (staying plaintiffs' state law claims despite that these two factors weighed slightly against abstention).  The Court should conserve its resources and avoid a conflict with *Olson* by staying Whitson's state law causes of action.

**C.    Alternatively, the Court should dismiss Whitson's remaining state law claims.**

**1.    The Court should decline to exercise supplemental jurisdiction over Whitson's state law claims if it dismisses his FLSA claim.**

If the Court dismisses Whitson's FLSA claim, it should decline to exercise supplemental jurisdiction over Whitson's state law claims.  Under 28 U.S.C. § 1367(c)(3), "[a] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).  The Supreme Court has stated, in no uncertain terms:

> [I]n the *usual case* in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  In particular, a federal court will relinquish jurisdiction where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  *Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).

Whitson's lawsuit is the "usual case" in which courts decline jurisdiction.  *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7.  As pleaded, federal jurisdiction over Whitson's complaint

8

arises only under 28 U.S.C. § 1331.  *See* FAC ¶ 6.  Once Whitson's FLSA claim is eliminated, all of the pertinent factors favor relinquishing jurisdiction: California law provides the basis for each of Whitson's remaining causes of action, and California law supplies the remedy for each form of relief requested.  Whitson looks to redress only claims that he himself experienced in California.  Any issues of proof, and the scope of the asserted claims, are cabined to this state.  Whitson has not presented "any extraordinary or unusual circumstances suggesting that the court should retain jurisdiction."  *See, e.g.*, *Syed v. M-I LLC*, No. Civ. 1:14-742 WBS, 2014 WL 4344746, at *4 (E.D. Cal. Aug. 28, 2014).  Indeed, numerous courts have declined jurisdiction where, as here, the plaintiff's inadequately pled FLSA claim is the only claim over which the court has original jurisdiction.  *See, e.g.*, *Levert v. Trump Ruffin Tower I, LLC*, No. 2:14-cv-01009-RCJ, 2015 WL 133792, at *5 (D. Nev. Jan. 9, 2015).  To conserve the Court's time and resources, and in due deference to the courts of this state, Whitson's action should be dismissed in its entirety.

## 2.  If the Court chooses to exercise jurisdiction, it should dismiss Whitson's state law causes of action for failure to state a claim.

Whitson fails to state a cognizable state law claim.  To begin, Whitson lacks a private right of action for his willful misclassification claim.  The Court should dismiss that claim without leave to amend.  Whitson's other Labor Code and UCL claims fail because he alleges no facts to support them.  "Although *Landers* addresses the pleading standard for overtime claims under the FLSA, district courts have applied its holding to claims under the California Labor Code."  *Romano v. SCI Direct, Inc.*, No. 2:17-cv-03537-ODW(JEM), 2017 WL 8292778, at *3 (C.D. Cal. Nov. 27, 2017); *Tan*, 171 F. Supp. 3d at 1006 (collecting cases); *see also Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 15-cv-02862-ODW, 2015 WL 4127905, at *2 (C.D. Cal. July 8, 2015).

### a.  There is no private right of action for a willful misclassification claim.

Whitson, who is suing on his own behalf, lacks a private right of action to enforce Cal. Labor Code § 226.8.  He therefore cannot bring this claim as a matter of black letter California law.  In *Noe v. Super. Ct.*, the California Court of Appeal held that "section 226.8 cannot be

9

1315944

enforced through a direct private action," and on that basis, denied plaintiffs' writ of mandate in a wage and hour class action.  237 Cal. App. 4th 316, 320 (2015).  As here, the plaintiffs in *Noe* alleged a "direct claim" under section 226.8 for misclassification of individual employees.  *Id.* at 335.[8]  Noting at the outset that the private right analysis was "a pure question of law" that did not turn on disputed facts, the *Noe* court turned to whether the Legislature intended to imbue a private right to sue.  *Id.* at 336–37.  The Court's legislative history analysis was searching—but its conclusion was succinct:  "There is no language suggesting a private plaintiff may bring a direct action under section 226.8 action or that a misclassified employee may collect the penalties described within the statute."  *Id.* at 338.  Numerous courts in this district have adopted *Noe*'s reasoning.  *See Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *10 (N.D. Cal. May 30, 2018); *Ridgeway v. Wal-Mart Stores Inc.*, No. 08-cv-05221-SI, 2017 WL 363214, at *8 (N.D. Cal. Jan. 25, 2017); *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016).

Whitson is directly asserting a § 226.8 claim for willful misclassification.  *See* FAC ¶¶ 51–53.  The law is clear:  no private right of action exists for this claim.  Because Whitson cannot possibly remedy this defect, the Court should dismiss his willful misclassification claim without leave to amend.  *See Romano*, 2017 WL 8292778, at *8.

### b.   The minimum wage and overtime wage claims fail.

Whitson's California Labor Code claims cannot proceed under *Landers*.  For the same reasons set forth above, Whitson does not—as he must—plead a theory of "work" and specific facts, including an hourly rate of pay and corresponding calculations, that would render his wage claim at least comprehensible.  *See Romano*, 2017 WL 8292778, at *3–4 (applying *Landers* to dismiss plaintiffs' state law claim for unpaid overtime and minimum wages); *Tan*, 171 F. Supp. 3d at 1009 (same).  Whitson's failure to articulate basic facts is fatal.

---

[8] The *Noe* plaintiffs, however, also sought penalties for willful misclassification under PAGA. Whitson is not seeking to enforce the statute through a PAGA action.

1

### c.     The wage statement claim fails.

2

In his wage-statement claim, Whitson alleges that "Defendants knowingly and

3

intentionally failed to furnish Plaintiff with timely, itemized statements showing the total hours

4

worked, as required by Cal. Labor Code § 226(a) and IWC Wage Order No. 16, § 7(B)."  FAC

5

¶ 65.  This claim fails because Whitson cannot satisfy the requirement to plead that Lyft acted

6

"knowingly and intentionally."

7

An alleged employer has not acted knowingly or intentionally to violate § 226(a) if there

8

is "a good faith dispute" as to whether a wage statement is required.  *See* Cal. Code Regs. tit. 8

9

§ 13520; *see also Woods v. Vector Mktg. Corp.*, No. C-14-0264-EMC, 2015 WL 2453202, at *2

10

(N.D. Cal. May 22, 2015) (Chen, J.) ("The 'good faith dispute' rule [in Cal. Code Regs. tit. 8

11

§ 13520] has been extended by courts to apply to California Labor Code Section 226 wage

statement penalties.").[9]  Accordingly, where an alleged employer presents a defense "based in

12

law," or even where there is "uncertainty in the law," the "knowing and intentional" element of

13

§ 226 cannot be satisfied.  *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201–04

14

(2008); *see also id.* at 1174, 1195, 1219 (applying "good faith" defense to § 226 claim); *Diaz v.*

15

*Grill Concepts Servs., Inc.*, 23 Cal. App. 5th 859, 868 (2018) (holding that a finding of

16

willfulness is precluded if there is "uncertainty in the law" or the employer has a "good faith

17

mistaken belief . . . grounded in a 'good faith dispute,' ***which exists when*** the 'employer presents

18

a defense, based in law or fact which, if successful, would preclude any recovery on the part of

19

the employee'").

20

Whitson does not—and cannot—plead facts demonstrating that Lyft acted knowingly and

21

intentionally in violating § 226.  When Lyft and similar platforms launched, they created a new

22

paradigm for connecting drivers with people who need rides.  The traditional common law test

23

discussed in *S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, focused on whether the

24

---

[9] *See also Boyd v. Bank of Am. Corp.*, 109 F. Supp. 3d 1273, 1308–09 (C.D. Cal. 2015); *Pedroza*

25

*v. PetSmart, Inc.*, No. ED CV 11-298 GHK DTB, 2012 WL 9506073, at *4–6 (C.D. Cal. June 14, 2012); *Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1145–46 (N.D. Cal. 2009); *Reber v.*

26

*AIMCO*, No. SA CV 07–0607 DOC (RZx), 2008 WL 4384147, at *9 (C.D. Cal. Aug. 25, 2008).

1315944

1   employer had the "right to control the manner and means of accomplishing the result desired."  48

2   Cal. 3d 341, 350 (1989).  Under that test, no published California decision has held that the

3   drivers using the Lyft platform (or any similar platform) are "employees."  In fact, Judge Corley

4   held this year, under the *Borello* test, that a driver using the GrubHub platform (which connects

5   delivery drivers using their own vehicles with people seeking food deliveries) was not an

6   employee of GrubHub.  *See Lawson v. Grubhub, Inc.*, 302 F. Supp. 3d 1071, 1072 (N.D. Cal.

7   2018); *see also Razak v. Uber Techs., Inc.*, No. CV 16-573, 2018 WL 1744467, at *16 (E.D. Pa.

8   Apr. 11, 2018) (in an Uber platform case, holding that "'the degree of the alleged employer's

9   right to control the manner in which the work is to be performed'—weighs heavily in favor of

10   'independent contractor' status").  Given the new model created by platforms like Lyft, it has

11   never been "clear" that the *Borello* "right to control" test requires a finding that drivers using the

12   Lyft Platform are employees.  Plus, Lyft could reasonably rely on cases like *Lawson* and *Razak*

13   when deciding not to classify drivers using the Lyft Platform as employees.  *See Amaral*, 163 Cal.

14   App. 4th at 1201 (indicating that existence of supporting court decisions prevents a willfulness

    finding).

15       The California Supreme Court's recent decision in *Dynamex* does not alter this analysis.

16   Indeed, the California Court of Appeal has held that the *Dynamex* ABC test does not apply to

17   claims under the Labor Code like this one.  *See Garcia v. Border Transp. Grp., LLC*, 28 Cal.

18   App. 5th 558, 571–572 (2018) (explaining that statutory purposes compelling application of the

19   ABC test to wage order claims do not compel application of that test to *non*-wage order claims)

20   (citing *Dynamex Operations West v. Super. Ct.*, 4 Cal. 5th 903 (2018)).  But even if the *Dynamex*

21   standard were to apply, the ABC test has not yet been applied in California courts—so it is, at the

22   very least, unclear whether drivers using the Lyft Platform would be found to be employees under

23   that test.  Accordingly, Plaintiff cannot satisfy the "knowing and intentional" requirement of

    § 226(e).

24                    **d.    The meal and rest break claim fails.**

25       Whitson's meal and rest break claim cannot advance beyond the pleading stage.

26   California district courts require a plaintiff asserting this claim to allege facts suggesting "at least

                                                    12

1315944

one meal or rest break where he worked through the break and was not paid for that time." *See Romano*, 2017 WL 8292778, at *6 (collecting cases).  For instance, in *Romano*, the district court dismissed the plaintiff's meal and rest break claim where he merely "recite[d] the statutory language of the Labor Code" and did "not assert one instance where Defendant either failed to allow or failed to pay for meal periods or rest breaks."  *Id.*  Here too, Whitson fails to state any facts showing when (if ever) he attempted to take a rest or meal break while driving, ***and*** that Lyft prevented him from doing so.  *See, e.g.*, FAC ¶¶ 68, 70.

> **e.     The expense-reimbursement and unlawful deductions claims fail.**

Whitson's claims for reimbursement and deductions suffer from similar factual deficits. With respect to reimbursement, Whitson alleges that he was required to incur "work related expenses, such as costs of purchase and lease of Plaintiff's vehicles; maintenance, fuel, insurance and other vehicle operating costs; cell phone expenses, such as text messaging and electronic message service costs; GPS costs; costs of tools and equipment necessary to perform services; and costs of vehicle decals or other markings."  *Id.* ¶ 74. But Whitson does not identify—even in broad terms—the overall monetary value of the expenses that he *personally* incurred.  The only specific expense that Whitson quantifies is the cost of renting a vehicle from a "Lyft affiliate"— but it is entirely unclear why ***Lyft*** is required to reimburse him for the rental cost.  *Id.* ¶¶ 12, 44. Even if his claim is possible, it is far from plausible, and should be dismissed.

The same analysis applies to Whitson's unlawful deductions claim.  Whitson alleges that Lyft "unlawfully made deductions" from his compensation to cover ordinary business expenses, "including but not limited to, the costs of equipment and tools necessary for rendering services and claims for property damage."  *Id.* ¶ 79.  But again, how could Lyft deduct from Whitson's compensation in the context of a smartphone application that directly connects riders with drivers?  *Id.* ¶¶ 2, 35.  Whitson fails to plead sufficient facts to make his claim plausible in this particular circumstance.  What equipment and tools is Whitson referring to?  Did Whitson incur property damage?  When did Lyft engage in any of this conduct in relation to Whitson? Whitson's allegations do not provide answers—much less plausible ones—to these questions.

13

1

### f. Whitson's UCL claim is derivative of his FLSA and Labor Code claims and must be dismissed with them.

2

3

Whitson's UCL claim is entirely derivative of his FLSA and Labor Code claims. *See id.*

4

¶¶ 84–89.  As such, the UCL claim must be dismissed insofar as the underlying predicate claims

are dismissed.  *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1182 (9th Cir. 2003).

5

If Whitson contends that he has also asserted non-derivative UCL liability under the

6

statute's unfairness or fraud prongs, he is incorrect.  He has failed to identify an independent legal

7

violation constituting unfairness and has failed to plead fraud with specificity or with allegations

8

of reliance.  *See, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1100, 1103 (9th Cir. 2003)

9

(plaintiffs asserting claims sounding in fraud must comply with Rule 9(b)'s heightened pleading

10

requirement).  Whitson's UCL claim accordingly falls with his other deficient allegations.

11

## VI.  CONCLUSION

12

For the foregoing reasons, Lyft respectfully requests that the Court dismiss or stay this

action in its entirety.

13

14

Dated:  January 15, 2019                                KEKER, VAN NEST & PETERS LLP

15

16

By:    */s/ R. James Slaughter*
                                                    R. JAMES SLAUGHTER

17

                                                    ERIN E. MEYER
                                                    KATHRYN BOWEN

18

                                                    Attorneys for Defendant LYFT, INC.

19

20

21

22

23

24

25

26

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY;
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 18-cv-06539-VC

1315944