CALEB MARKER (SBN 269721)
  Email: caleb.marker@zimmreed.com
HANNAH B. FERNANDEZ (SBN 294155)
  Email: hannah.fernandez@zimmreed.com
BEN GUBERNICK (SBN 321883)
  Email: ben.gubernick@zimmreed.com
MADELEINE SHARP (SBN 307893)
  Email: madeleine.sharp@zimmreed.com
ZIMMERMAN REED LLP
2381 Rosecrans Ave., Suite 328
Manhattan Beach, CA 90245
(877) 500-8780 Telephone
(877) 500-8781 Facsimile

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NATHANIEL WHITSON,<br><br>    Plaintiff,<br><br>vs.<br><br>LYFT, INC., and DOES 1-20, inclusive,<br><br>    Defendants. | CASE NO.: 3:18-cv-06539<br><br>*Assigned to the*<br>*Honorable Vince Chhabria*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY**<br><br>Date:          February 21, 2019<br>Time:         10:00 a.m.<br>Courtroom: Courtroom 4 – 17th Floor<br><br>Date Action Filed: October 26, 2018<br>Trial Date:          TBD |

# TABLE OF CONTENTS

I.    INTRODUCTION ..........................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND..................................................2

III.  LEGAL STANDARD ...................................................................................................3

IV.   ARGUMENT .................................................................................................................3

    A.   DEFENDANT'S FLSA CHALLENGE FAILS..................................................................3

        i.    Plaintiff has adequately stated a FLSA claim......................................................4

        ii.   Defendant's legal authority is off-point. ..........................................................5

        iii.  Even if the FLSA allegations are deficient leave to amend would be warranted.6

    B.   DEFENDANT'S STAY REQUEST LACKS MERIT. ................................................................7

        i.    *Colorado River*'s basis requirements are not met. ............................................8

        ii.   *The Colorado River* factors do not support a stay..............................................9

    C.   DEFENDANT'S STATE LAW CLAIM CHALLENGES.......................................................11

        i.    The Court has supplemental jurisdiction over Plaintiff's claims. ....................11

        ii.   Plaintiff's minimum wage and overtime claims are adequately pled................11

        iii.  Defendant's challenge to Plaintiff's wage statement claim lacks merit............11

        iv.   Plaintiff's meal and rest break claim and intentional misclassification claim. ..12

        v.    Plaintiff's UCL claim is adequately pled. ........................................................12

V.    CONCLUSION..............................................................................................................13

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amaral v. Cintas Corp. No. 2*,
  78 Cal. Rptr. 3d 572 (Cal. Ct. App. 2008) .................................................................11, 12

*Armenta v. Osmose, Inc.*,
  37 Cal. Rptr. 3d 460 (Cal. Ct. App. 2005) ..........................................................................11

*Avalos v. Amazon.com LLC*,
  2018 WL 3917970 (E.D. Cal. Aug. 14, 2018) ..................................................................4, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................................3, 5

*Carter v. Rasier-CA, LLC*,
  2017 WL 4098858 (N.D. Cal. Sept. 15, 2017) .......................................................................6

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (Cal. 1999) ..................................................................................................13

*Cotter v. Lyft, Inc.*,
  60 F. Supp. 3d 1067 (N.D. Cal. 2015) ................................................................................1, 2

*Davis v. Abington Memorial Hospital*,
  765 F.3d 236 (3d Cir. 2014) ...................................................................................................4

*Del Rio v. Uber Techs., Inc.*,
  2016 WL 10837864, (N.D. Cal. Mar. 28, 2016) ............................................................5, 6, 8

*Friedman v. AARP, Inc.*,
  855 F.3d 1047 (9th Cir. 2017) ................................................................................................3

*Gilligan v. Jamco Dev. Corp.*,
  108 F.3d 246 (9th Cir. 1997) ..................................................................................................3

*Herron v. Best Buy Co. Inc.*,
  924 F. Supp. 2d 1161 (E.D. Cal. 2013) .................................................................................13

*Holder v. Holder*,
  305 F.3d 854 (9th Cir. 2002) ...................................................................................................7

*In re Countrywide Fin. Corp. Derivative Litig.*,
  542 F.Supp.2d 1160 (C.D. Cal. 2008) ....................................................................................8

*Kirchgessner v. CHLN, Inc.*,
  174 F. Supp. 3d 1121 (D. Ariz. 2016) ....................................................................................4

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2014) ...................................................................................................4

*Lawson v. Grubhub, Inc.*,
   302 F. Supp. 3d 1071 (N.D. Cal. 2018) ..........................................................................................12

*Linton v. Desoto Cab Co., Inc.*,
   223 Cal. Rptr. 3d 761 (Cal. Ct. App. 2017) ...................................................................................12

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) ........................................................................................................6

*Lydon Millwright Servs., Inc. v. Ernest Bock & Sons, Inc.*,
   2013 WL 3556280 (E.D. Pa. July 15, 2013) ...................................................................................8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ....................................................................................................................10, 12

*Nakash v. Marciano*,
   882 F.2d 1411 (9th Cir. 1989) ........................................................................................................7

*O'Connor v. Uber Techs., Inc.*,
   82 F. Supp. 3d 1133 (N.D. Cal. 2015) ..........................................................................................12

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) .......................................................................................................................9

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
   656 F.3d 966 (9th Cir. 2011) ..........................................................................................................7

*Razak v. Uber Techs., Inc.*,
   2018 WL 1744467 (E.D. Pa. Apr. 11, 2018) .................................................................................12

*Ryan v. Microsoft Corp.*,
   147 F. Supp. 3d 868 (N.D. Cal. 2015) ............................................................................................6

*Seneca Ins. Co., Inc. v. Strange Land, Inc.*,
   862 F.3d 835 (9th Cir. 2017) .....................................................................................................9, 10

*Shroyer v. New Cingular Wireless Services, Inc.*,
    622 F. Supp. 3d 1035 (9th Cir. 2010)  ..........................................................................................12

*Timoney v. Upper Merion Twp.*,
   66 F. App'x 403 (3d Cir. 2003) ......................................................................................................7

*Colorado River Water Conserv. Dist.  v. United States*,
   424 U.S. 800 (1976) ...............................................................................................................2, 7, 8

*Weitzner v. Sanofi Pasteur, Inc.*,
   2012 WL 1677340 (M.D. Pa. May 14, 2012) .................................................................................8

*Willner v. Manpower Inc.*,
   35 F.Supp.3d 1116 (N.D. Cal. 2014) ............................................................................................12

*Woods v. Vector Mktg. Corp.*,
   2015 WL 2453202 (N.D. Cal. May 22, 2015) ..............................................................................12

*Yellow Cab Coop., Inc. v. Workers' Comp. Appeals Bd.*,
   277 Cal. Rptr. 434 (Cal. Ct. App. 1991) .......................................................................................12

*Yucesoy v. Uber Techs., Inc.*,
  2015 WL 6955140 (N.D. Cal. Nov. 10, 2015) ...................................................................................5

**Statutes**

Cal. Bus. & Prof. Code § 17200 .........................................................................................................12

Cal. Labor Code § 226(a) ...................................................................................................................11

**Rules**

Fed. R. Civ. P. 8(a) ..........................................................................................................................3, 5

Fed. R. Civ. P. 8(a)(2) ..........................................................................................................................5

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................2, 3

Fed. R. Civ. P. 15(a) ............................................................................................................................6

Fed. R. Civ. P. 23 .................................................................................................................................9

Fed. R. Civ. P. 23(a) ............................................................................................................................8

iv
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:18-CV-06539

## I. INTRODUCTION

This is a routine wage and hour case arising from Defendant Lyft, Inc.'s ("Lyft" or "Defendant") misclassification of one of its drivers. Lyft's practice of allegedly improper driver classification is well known. *See, e.g., Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1067 (N.D. Cal. 2015). Nathaniel Whitson ("Plaintiff") drives for Lyft. His job is to "shuttle around Lyft's passengers." First Amended Complaint (Dkt. No. 17) ("FAC") at ¶ 44. He worked more than 40 hours in at least two workweeks without being paid overtime. *Id*. at ¶ 42. He has never been paid minimum wage. *Id*. at ¶ 44. Accordingly, on October 26, 2018, he filed suit under the federal Fair Labor Standards Act ("FLSA") and California state law.

In November of 2018, Defendant notified Plaintiff that it intended to file a motion to dismiss. Most prominently, Defendant claimed that the complaint needed to allege the exact weeks during which Plaintiff worked more than 40 hours. After meeting and conferring, Plaintiff unilaterally amended the complaint to address this issue and others raised by Defendant. Plaintiff even sent Defendant a draft of the amended complaint to confirm that the amendments adequately responded to Defendant's concerns. Defendant did not respond. Instead, on December 12, 2018, and without again meeting and conferring, Defendant filed the instant motion to dismiss alleging new quibbles. Now, according to Defendant, the complaint is deficient because it "fails to define what qualified as 'work.'" Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss (Dkt. No. 30) ("Def. Mot.") at 1.

Defendant has moved the goalposts, and for no good reason. The FAC provides Lyft with more than enough information to understand Plaintiff's claims and mount a defense—assuming any defense exists. Further, even if the Court indulged Lyft's FLSA arguments and granted the motion, the FAC's purported deficiencies can be cured with simple amendments—Lyft does not even try to argue that dismissal with prejudice is warranted. Thus, the instant motion serves no purpose other than to waste time and judicial resources.

In short, Defendant is simply wrong when it says that the "Court should not—and need not—devote additional time or resources" to this case. Def. Mot. at 1. Defendant cannot obtain dismissal with prejudice on Plaintiff's FLSA claim, which is an absolute prerequisite to declining supplemental

jurisdiction over the state law claims. Further, and as explained below, neither the *Colorado River* doctrine nor any other theory advanced by Defendant provides even a *prima facie* basis for terminating this Court's jurisdiction.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Lyft is an on-demand taxi service that provides prearranged rides in exchange for money. FAC at ¶¶ 18-21, 28 (citing *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1067, 1078 (N.D. Cal. 2015)). People use Lyft's smartphone application to request rides. *Id*. at ¶ 35. Lyft finds an available driver and then dispatches the driver to pick up the rider. *Id*. Drivers can transport riders using their own vehicles or vehicles rented from Lyft. *Id*. at ¶ 44. Plaintiff has worked as a Lyft driver since October 2018. *Id*. at ¶ 11. His scope of work is "traveling to pick up Lyft's riders," "shuttle[ing] around Lyft's passengers," and "return[ing] from dropping off Lyft riders." *Id*. at ¶¶ 44, 48. Throughout Plaintiff's employment Lyft has paid him an effective salary that falls below the minimum wage. This is because Lyft fails to compensate him for the time he spends driving to pick-up points and returning from drop-off points, and because Lyft fails to reimburse him for business expenses such as the cost of gasoline. *Id*. at ¶ 44. Plaintiff also worked more than 40 hours during at least two workweeks, but was not paid overtime by Lyft. *Id*. at ¶¶ 42-43. Additionally, throughout his employment Lyft has failed to provide Plaintiff with itemized wage statements showing the total number of hours he has worked. *Id*. at ¶¶ 64-65.

Plaintiff initiated the present individual action on October 26, 2018, alleging violations of FLSA and California state law. *See* Dkt. No. 1. In November of 2018 Defendant informed Plaintiff's counsel that it intended to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A telephonic meet and confer took place on December 11, 2018, where Defendant provided Plaintiff with the basis for its motion. Defendant alleged that Plaintiff's complaint must include the specific weeks he worked more than 40 hours. Marker Decl. at ¶ 3. Defendant also notified Plaintiff that it intended to seek a stay under *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976) ("*Colorado River*"). Marker Decl. at ¶ 2-4. After the meet and confer, and out of a desire to avoid an unnecessary Rule 12(b)(6) motion, Plaintiff emailed Defendant a proposed amended complaint that would eventually become the FAC. Marker Decl. at ¶ 5. As explained in Plaintiff's email, the FAC

identified the specific weeks for which Plaintiff was owed unpaid overtime and provided more detail regarding the basis for Plaintiff's minimum wage claim. Plaintiff believed the FAC would moot Defendant's anticipated motion to dismiss, and explicitly asked Defendant whether it contended any further revisions were necessary. Marker Decl. at ¶ 6-7. Defendant has never responded to Plaintiff's email. Marker Decl. at ¶ 7. Instead, Defendant requested—and Plaintiff agreed to—a stipulated extension to respond to the FAC. *See* Dkt. 20. On January 15, 2019, and without first meeting and conferring, Defendant filed the instant motion to dismiss the FAC. Marker Decl. at ¶ 9.

### III.  LEGAL STANDARD

Generally, a complaint need only provide "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Ninth Circuit is particularly hostile to Rule 12(b)(6) motions to dismiss. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." (Internal quotation marks omitted)). A motion to dismiss must be denied where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017) (internal quotations omitted).

### IV.  ARGUMENT

**A.  Defendant's FLSA challenge fails.**

According to Defendant, the FAC's FLSA claim is deficient for the following reasons:[1] (1) Plaintiff "does not assert a definition of 'work,'" Def. Mot. at 5; (2) Plaintiff does not state "what his hourly rate of pay is" or "how he calculated it," *id*.; and (3) Plaintiff's claims are implausible because they omit a laundry list of "necessary" details including the hours Plaintiff was "logged into the Lyft Platform. *Id*. at 5-6. But what Defendant demands is far more than the law requires.

---

[1] Plaintiff notes that none of these purported problems were raised during the December 11, 2018 meet and confer call. Marker Decl. at ¶ 3.

### i.  Plaintiff has adequately stated a FLSA claim.

Defendant's motion fails because Plaintiff is not required to plead his FLSA allegations with the level of exhaustive detail requested by Lyft. To start with, "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim[.]" *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), *as amended* (Jan. 26, 2015). Rather, to state a claim for unpaid overtime, a plaintiff need only "allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644-45. Similarly, an adequately pled minimum violation does not require detailed information about how much a worker was paid and how many hours she worked, if for no other reason than "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Landers*, 771 F.3d at 645. *See also, Avalos v. Amazon.com LLC*, 2018 WL 3917970, at *3 (E.D. Cal. Aug. 14, 2018) ("Typically, courts have found [a FLSA] claim sufficiently pleaded in a complaint so long as the plaintiff has alleged facts that support a plausible inference, rather than merely alleging a bare violation of the statute or parroting the statutory language.").

Here, Plaintiff alleged that in at least two weeks he spent more than 40 hours driving to and from fare pickups and shuttling Lyft's customers around. FAC at ¶¶ 44, 48. These facts are sufficient to state a plausible FLSA violation based on unpaid overtime. *Landers*, 771 F.3d at 644 (agreeing with the Third Circuit's view that "[a]n allegation that a plaintiff typically worked a forty-hour workweek, and worked uncompensated extra hours during a particular forty-hour workweek would state a plausible claim for relief." (*Citing Davis v. Abington Memorial Hospital*, 765 F.3d 236, 243 (3d Cir.2014)). Likewise, Plaintiff alleged that he has not been the paid the minimum wage for any shift, much less any workweek. FAC at ¶ 44. This is all that an adequately alleged minimum wage violation requires. *Landers*, 771 F.3d at 645. *See also*, *Kirchgessner v. CHLN, Inc.*, 174 F. Supp. 3d 1121, 1125 (D. Ariz. 2016) (in determining whether a minimum wage violation has been alleged, "the workweek as a whole, not each individual hour within the workweek, determines whether an employer has complied with [FLSA].").

Defendant's hair-splitting is also far removed from the basic purpose underlying Fed. R. Civ. P. 8(a)(2)'s "short and plain statement of the claim" requirement. Rule 8(a) exists to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and ellipsis omitted). As Defendant itself noted in its Administrative Motion to Relate Cases, Lyft has been sued numerous times by numerous plaintiffs for substantively identical claims. *See* Dkt. 18. Lyft drivers work unpaid overtime and are not paid the minimum wage—this is common knowledge and does not depend on how people "define what qualifies as 'work.'" Def. Mot. 1. Put differently, Defendant already knows the exact basis of Plaintiff's claims. In *Cotter* and the numerous other cases brought by drivers, Lyft's only substantive defense is that the drivers are independent contractors rather than employees. Further, Defendant already has in its possession the supposedly "necessary" details it believes are missing from the FAC, such as how many hours Plaintiff and worked and how much Lyft has paid him.

### ii. Defendant's legal authority is off-point.

The cases Defendant cites in support of its FLSA challenge are uniformly unhelpful.

In *Yucesoy v. Uber Techs., Inc.*, 2015 WL 6955140 (N.D. Cal. Nov. 10, 2015), the plaintiffs alleged that they had been underpaid because Uber "had not considering the hours he was logged in to receive ride requests from Uber." *Id.* at *3. The court granted the defendant's motion to dismiss without prejudice because the plaintiffs had not explained why "hours logged into the Uber app should be considered compensable time." *Id.* In other words, the *Yucesoy* plaintiffs included allegations that suggested their calculations may have been improper. Here, by contrast, Plaintiff alleged that his job was to pick-up and drop-off Lyft's riders. FAC at ¶¶ 44, 48. The FAC does not allege that Plaintiff's calculations included time spent was "merely logg[ed] into the Lyft application," Def. Mot. at 1. Contrary to Defendant's assertion, *Yucesoy* does not state that Plaintiff must "calculate[] his rate of pay" to allege a minimum wage violation. Def. Mot. at 5.

Defendant's discussion of *Del Rio v. Uber Techs., Inc.*, 2016 WL 10837864, (N.D. Cal. Mar. 28, 2016) likewise misses the mark. In *Del Rio*, the plaintiffs were "devoid of facts," *id.* at *3, a state of affairs that raised the possibility that the plaintiffs might be seeking recovery for all times when "the Uber app is on." *Id.* Here, on the other hand, Plaintiff has alleged the scope of his employment

with particularity: driving to pick-up Lyft's customers, shuttling them around, and then driving back. FAC at ¶¶ 44, 48. Defendant does not meet its burden on a motion to dismiss by demanding that Plaintiff rule-out hypotheticals or prove negatives.

Also unpersuasive is *Carter v. Rasier-CA, LLC*, 2017 WL 4098858 (N.D. Cal. Sept. 15, 2017), *aff'd*, 724 F. App'x 586 (9th Cir. 2018). In *Carter*, a pro se plaintiff alleged that the unpaid minimum wage and overtime at issue "was due, at least in part, to 'wait times [spent] online in 'Driver mode.'" *Id*. at *3. Thus, the *Carter* plaintiff affirmatively alleged that the defendant owed him for time that was, potentially, not properly classified as work. *Id*. ("[I]t is unclear from the complaint whether Plaintiff's definition of 'hours worked' includes time spent simply logged into the Uber application in "driver mode" or why such hours should be considered compensable time."). This was the same issue that contaminated the complaints in *Del Rio* and *Yucesoy*, and has no relevance here.

### iii. Even if the FLSA allegations are deficient leave to amend would be warranted.

Plaintiff's FLSA claim is adequately pled. However, in the event that the Court finds the allegations in any way deficient, Plaintiff should be granted leave to cure them through amendment. Rule 15 requires that leave to amend be freely given when justice so requires. Fed. R. Civ. P. 15(a). *See also, Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[T]he underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." (Quotations omitted)). None of the scenarios that would justify denying leave to amend, such as bad faith or dilatory motive, exist here. *Ryan v. Microsoft Corp*., 147 F. Supp. 3d 868, 878 (N.D. Cal. 2015). To the contrary, Plaintiff has made every effort to assist Defendant in understanding the nature of Plaintiff's claims—including by unilaterally amending the complaint to provide greater detail. *Avalos v. Amazon.com LLC*, 2018 WL 3917970, at *6 (E.D. Cal. Aug. 14, 2018) (leave to amend warranted where "plaintiff's FAC was filed pursuant to the parties' stipulation, and plaintiff has not yet sought or been granted leave to amend by the court."). Indeed, the instant motion could probably have been avoided entirely had Defendant simply returned Plaintiff's emails or met and conferred.

**B.    Defendant's stay request lacks merit.**

The Court should deny Lyft's request for a stay under *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976) ("*Colorado River*"). Whether or not *Olson v. Lyft, Inc.*, Case No. CGC-18-566788 ("*Olson*") is a "substantially identical class-action lawsuit pending in California state court," Def. Mot. at 6, the present matter is an individual action and Plaintiff has no involvement with *Olson*. Thus, the *Colorado River* doctrine's most basic requirement—parallel cases—is plainly lacking.

"[T]he Colorado River doctrine is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (citing *Colorado River*, 424 U.S. at 817). "Only in rare cases will 'the presence of a concurrent state proceeding' permit the district court to dismiss a concurrent federal suit[.]" *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977 (9th Cir. 2011) (citing *Colorado River*, 424 U.S. at 817). Determining whether to stay a case under the Colorado River doctrine requires a two-step inquiry. A court first determines whether the state and federal cases are "parallel." *Timoney v. Upper Merion Twp.*, 66 F. App'x 403, 405 (3d Cir. 2003). "If the proceedings are not parallel, abstention is inappropriate." *Id*. If the proceedings are parallel, a court then considers the factors identified by Colorado River to decide whether the exceptional circumstances justifying a stay exist, with a strong presumption against applying the doctrine. *R. R. Street*, 656 F.3d at 979 ("[A]ny doubt as to whether a factor exists should be resolved against a stay."). Although the parties to the state and federal proceedings need not be exactly the same to satisfy the parallelism requirement, they must be "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416-17 (9th Cir. 1989) (quotations omitted) (parallelism requirement satisfied where "[t]he present parties are all named in the California suit; the only difference is the absence of all of the corporate entities owned and operated by the parties.").

When a court does reach the Colorado River factors, those factors are:
(1) [W]hich court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum

shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Colorado River*, 424 U.S. at 818.

### i.  *Colorado River*'s basis requirements are not met.

Here, Defendant's request for a stay should be denied because Plaintiff is an individual litigant in an individual case. As one federal judge has explained, parallelism cannot exist as between a class action and an individual action:

> Here, the pending class action is substantially incongruent with the state action which contains only Weitzner's individual claim. It is true that *Colorado River* abstention can exist where the parties in the concurrent state and federal proceedings are not completely identical as only substantial identity is necessary. ... However, while the Defendants are identical in the two actions, the state action involves just one plaintiff: Ari Weitzner. Conversely, the proposed class in the action currently before the Court will involve a spectrum of parties "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a). The mere fact that a highly similar issue is pending in state court does not bar a federal court from taking up the issue, especially where the parties are so widely disparate. ... Therefore, looking to the identity of the parties in these two concurrent actions, the threshold inquiry for Colorado River abstention is simply not met.

*Weitzner v. Sanofi Pasteur, Inc.*, 2012 WL 1677340, at *5 (M.D. Pa. May 14, 2012). *See also*, *Lydon Millwright Servs., Inc. v. Ernest Bock & Sons, Inc.*, 2013 WL 3556280, at *2 (E.D. Pa. July 15, 2013) ("[T]he Court finds that the underlying action in this court is not parallel to the pending state action, because Lydon, the plaintiff here, is not a party to the state court case."). Indeed, the case for parallelism is even weaker here than it was in *Weitzner*, where the named plaintiff was a party in the state and federal actions. Here, by contrast, Plaintiff has no involvement whatsoever with the *Olson* class action.

Defendant attempts to pettifog around this dispositive problem with its motion by pointing out that, in *Del Rio*, the state and federal actions were "filed by a different set of plaintiffs." Def. Mot. at 6. But that is at best a half-truth. *Del Rio* was not an individual action, but rather a *representative action* that, as the court noted, overlapped almost entirely with a state court class action. 2016 WL 10837864 at fn. 2. Although the named plaintiffs were different, the classes they sought to represent were not. Thus, *Del Rio* simply reiterates the uncontroversial proposition that "*Colorado River* abstention is generally appropriate where identical class actions are proceeding simultaneously in the state and federal courts." *Weitzner*, 2012 WL 1677340 at *5. *See also, In re*

*Countrywide Fin. Corp. Derivative Litig.*, 542 F.Supp.2d 1160, 1170 (C.D. Cal. 2008) (stay appropriate where state and federal putative classes were "identically composed" and the claims "raise[d] very similar sets of substantive issues").

Plaintiff cannot find any cases in any jurisdiction permitting a *Colorado River* stay in an analogous situation. And for good reason: Defendant's requested extension of the doctrine would effectively tether individual plaintiffs to uncertified class actions without providing them an opportunity to opt out of the putative class. This outcome would fly in the face of the principles underlying Fed. R. Civ. P. 23 and would probably be unconstitutional. *See generally*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) ("Additionally, we hold that due process requires at a minimum that an absent plaintiff [in a state court class action predominantly for money damages] be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court.").

In summary, Defendant's stay request does not make it out of the gate. Tellingly, Defendant hardly even mentions the parallelism requirement. Rather, Defendant jumps straight into the second part of the test—analyzing the *Colorado River* factors—and claims "[t]hat alone is adequate for the doctrine's application." Def. Mot. 8. But that is manifestly *not* "adequate." As uncertified state court class actions do not act as a bar to individual federal actions, Defendant's stay request fails as a matter of law.

### ii. The Colorado River factors do not support a stay.

Additionally, even if the Court is inclined to consider the *Colorado River* factors—and it should not—the factors would still weight against granting a stay.

*The first factor.* Defendant flunks the first factor because it fails to even articulate a theory for how *Olson* assumed jurisdiction over the property at stake here.

*The second factor.* Defendant does not claim that the federal forum is in any way inconvenient. Thus, the second factor cautions against abstention.

*The third factor.* The desire to avoid piecemeal litigation goes against Lyft. For this factor to weigh in favor of a stay, "there must be exceptional circumstances present that demonstrate that piecemeal litigation would be particularly problematic." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*,

862 F.3d 835, 843 (9th Cir. 2017). Lyft fails to identify any exceptional circumstances that would justify a stay.

*The fourth factor.* Although *Olson* was filed some months prior to the present matter, the order that the cases were filed in carries little weight, as neither case has progressed in any meaningful way. *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 843 (9th Cir. 2017) (stay request denied where "neither court had resolved any foundational legal claims.")

*The fifth factor*. As the Ninth Circuit has explained, the fifth factor—whether a state law case could provide the "rule of decision"—is only relevant in the "rare circumstances" when "the state law questions are themselves complex and difficult[.]" *Seneca*, 862 F.3d at 844. Defendant makes no effort to identify a complex or difficult state law issue implicated by the FAC.

*The sixth factor*. Defendant argues, without elaboration, that *Olson*'s "similarity" to the present matter will "ensure" that Plaintiff's rights are protected. Def. Mot. at 8. But *Olson*'s class has not been certified, and neither its class representative nor counsel has been found adequate. Plaintiff is aware of no legal authority tending to suggest that mandatory participation in an uncertified class action is sufficient to protect his interests.

*The seventh factor*. As Defendant has not alleged forum shopping, this factor likewise cuts against Lyft.

*The eighth factor*. Most prominently, the eighth factor is not satisfied because Defendant cannot support its assertion that "[t]he *Olson* action … will likely resolve all of the claims before this Court." Def. Mot at 7 (internal quotations omitted). In discussed, this is impossible because Plaintiff is not a party in *Olsen*. Defendant's failure on this point is fatal:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all."

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). The eighth factor does not support Defendant's position.

In summary, even if the Court reaches Colorado River's factors, they weigh heavily against a stay. Defendant has fallen well short of its burden and the instant motion should be denied.

**C.      Defendant's state law claim challenges.**

   **i.      The Court has supplemental jurisdiction over Plaintiff's claims.**

Lyft argues that after the Court "eliminates" Plaintiff's FLSA claim, it should decline to exercise jurisdiction over Plaintiff's state law claims. Def. Mot. at 8-9. This argument is quickly disposed of because, as discussed in section IV(A) *supra*, Plaintiff has properly pled a FLSA violation. Moreover, even if the purported defects identified by Defendant exist, they can be easily cured through amendment. Accordingly, Defendant's supplemental jurisdiction argument is not only hypothetical, but also dependent on a legally bankrupt condition precedent, i.e. the notion that Plaintiff's FLSA claim is subject to dismissal with prejudice.

   **ii.     Plaintiff's minimum wage and overtime claims are adequately pled.**

Defendant contends that Plaintiff's California Labor Code claims "cannot proceed" without facts such as an alleged "hourly rate of pay and corresponding calculations" and a "theory of 'work.'" Def. Mot. at 10. Defendant's argument is entirely derivative of flawed FLSA challenge—discussed in section IV(A) *supra*—and fails for the same reasons.

   **iii.    Defendant's challenge to Plaintiff's wage statement claim lacks merit.**

Lyft claims that Plaintiff "cannot satisfy the requirement to plead" that Defendant knowingly and intentionally failed to furnish wage statements as required by Cal. Labor Code § 226(a). Def. Mot. at 11. The crux of Defendant's argument is that Lyft "reasonably rel[ied]" on "cases," and therefore a "good faith dispute" exists about whether Plaintiff is Lyft's employee. *Id*. at 11-12. This argument fails for multiple reasons.

*First*, Lyft's purported reasonable reliance is entirely absent from the FAC—indeed, Defendant has yet to even answer the complaint, much less raise an affirmative defense. Tellingly, the cases Defendant cites in support of its argument all deal with motions for summary judgment, not motions to dismiss under for failure to state a claim. Indeed, *Amaral v. Cintas Corp. No. 2*, 78 Cal. Rptr. 3d 572 (Cal. Ct. App. 2008), even notes that where "California law [is] unsettled, the presumption of good faith … legal uncertainty might … give[] the employer [can be] outweighed by evidence that the employer was *in fact* aware that its employees were not being fully compensated for their time." *Id*. at 608 (emphasis original) (citing *Armenta v. Osmose, Inc*., 37 Cal. Rptr. 3d 460

(Cal. Ct. App. 2005). *See also*, *Woods v. Vector Mktg. Corp.*, 2015 WL 2453202, at fn. 2 (N.D. Cal. May 22, 2015) (noting that whether a violation of Section 226 is "generally a factual questions" (citing *Willner v. Manpower Inc.*, 35 F.Supp.3d 1116 (N.D. Cal. 2014)). Simply put, Defendant's argument is premature. Lyft has yet to "present[] a defense" at all, much less one that is reasonable "under all the circumstances." *Amaral*, 78 Cal. Rptr. 3d at 607. Such arguments are properly entertained—if at all—in a motion for summary judgment, not at the pleadings stage.

*Second*, although the Court need not reach the issue, the legal authority Defendant says provides the basis for its "good faith dispute" is wholly inadequate. *Razak v. Uber Techs., Inc.*, 2018 WL 1744467 (E.D. Pa. Apr. 11, 2018), involved "Pennsylvania state laws," not the California statutes at issue here. *Id*. at * 1. Likewise inapposite is *Lawson v. Grubhub, Inc*., 302 F. Supp. 3d 1071 (N.D. Cal. 2018), a federal trial court opinion (as opposed to a California appellate opinion) involving a worker for a food delivery company. More relevant here, California "case law makes abundantly clear that the [Uber] drivers are presumptive employees." *O'Connor v. Uber Techs., Inc.*, 82 F. Supp. 3d 1133, 1143 (N.D. Cal. 2015). *See also*, *e.g., Linton v. Desoto Cab Co., Inc*., 223 Cal. Rptr. 3d 761, 770 (Cal. Ct. App. 2017), *reh'g denied* (Nov. 2, 2017), *review denied* (Jan. 10, 2018); *Yellow Cab Coop., Inc. v. Workers' Comp. Appeals Bd*., 277 Cal. Rptr. 434 (Cal. Ct. App. 1991). It is difficult to see how Lyft can claim a good faith dispute exists given the paucity of California appellate authority agreeing with its position, and the numerous cases putting it on-notice that it presumptively misclassified Plaintiff.

### iv. Plaintiff's meal and rest break claim and intentional misclassification claim.

Plaintiff does not oppose Defendant's request for dismissal of the meal and rest break claim and the intentional misclassification claim.

### v. Plaintiff's UCL claim is adequately pled.

Finally, Defendant's one-paragraph Unfair Competition Law ("UCL") challenge lacks merit. California's UCL prohibits, *inter alia*, "any unlawful, unfair or fraudulent business act or practice…." CAL. BUS. & PROF. CODE § 17200. A UCL claim is adequately alleged if the Defendant's conduct violated any of the three prongs. *Shroyer v. New Cingular Wireless Services, Inc*., 622 F. Supp. 3d 1035, 1043 (9th Cir. 2010).

The FAC pleads a UCL violation under any of the three prongs. Most basically, Defendant's conduct was "unlawful" in that it violated FLSA and provisions of the California Labor Code. *See, e.g., Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1177 (E.D. Cal. 2013) ("Under the UCL's 'unlawful' prong, violations of other laws are 'borrowed' and made independently actionable under the UCL.").

Further, the "unfair" prong is satisfied because Defendant's conduct is inconsistent with basic principles of fair competition. The California Supreme Court has held that conduct is "unfair" when it "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (Cal. 1999). The purpose of antitrust laws is "to foster and encourage competition" by prohibiting "practices by which fair and honest competition is destroyed or prevented." *Id.* at 186 (internal quotations omitted). Here, Defendant's habitual driver misclassification gives it an unfair advantage over other, more scrupulous taxi services.

Finally, Defendant's conduct is "fraudulent" insofar as Lyft misleads its drivers into believing they are "independent contractors," and thus tricks them into forgoing the rights owed to them under federal and California law.

## V.     CONCLUSION

For the foregoing reasons Defendant's motion warrants denial except as to Plaintiff's willful misclassification claim and meal and rest breaks period claim. To the extent it is granted in any other respect, Plaintiff respectfully requests leave to amend.

Respectfully submitted,

ZIMMERMAN REED LLP

Dated: January 29, 2018          By:    /s/Caleb Marker
                                         Caleb Marker
                                         Hannah B. Fernandez
                                         Ben Gubernick
                                         Madeleine Sharp
                                         2381 Rosecrans Ave., Suite 328
                                         Manhattan Beach, CA 90245

*Attorneys for Plaintiff*