KEKER, VAN NEST & PETERS LLP
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
KATHRYN BOWEN - # 312649
kbowen@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATHANIEL WHITSON,<br><br>             Plaintiff,<br><br>      v.<br><br>LYFT, INC. and DOES 1-20, inclusive,<br><br>             Defendant. | Case No. 3:18-cv-06539-VC<br><br>**DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT**<br><br>Date:      February 21, 2019<br>Time:      10:00 a.m.<br>Dept.:     Courtroom 4 - 17th Floor<br>Judge:    Hon. Vince Chhabria<br><br>Date Filed: October 26, 2018<br><br>Trial Date: Not yet set |

DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

1317521

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT .................................................................................................................2

    A. Whitson cannot state a plausible FLSA claim because he does not articulate a theory of "work" or allege specific facts that raise more than the possibility of under-compensation. ...........................................................................2

    B. A stay under *Colorado River* is appropriate because *B Olson v. Lyft* is substantially similar to this case and will resolve the issues before this Court. ................................................................................................................5

    C. If it dismisses Whitson's FLSA claim—with or without leave to amend—this Court should decline to exercise supplemental jurisdiction over Whitson's state law claims. ..............................................................................8

    D. If the Court exercises jurisdiction, it should dismiss Whitson's state law claims under *Twombly* and *Iqbal*. ...............................................................8

III. CONCLUSION ..............................................................................................................9

i

DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................. 2, 4, 8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................. 2, 4, 8

*Carnegie-Mellon Univ. v. Cohill*,
 484 U.S. 343 (1988) ........................................................................................................ 8

*Carter v. Rasier-CA, LLC*,
 No. 17-cv-00003-HSG, 2017 WL 4098858 (N.D. Cal. Sept. 15, 2017), *aff'd*,
 724 F. App'x 586 (9th Cir. 2018) ................................................................................... 3

*Colorado River Water Conserv. Dist. v. United States*,
 424 U.S. 800 (1976) .................................................................................................. 1, 5, 8

*Del Rio v. Uber Techs., Inc.*,
 No. 15-cv-03667-EMC, 2016 WL 10837864 (N.D. Cal. Mar. 28, 2016) ................ *passim*

*Farraj v. Cunningham*,
 659 F. App'x 925 (9th Cir. 2016) ................................................................................ 1, 5

*Heck v. Heavenly Couture, Inc.*,
 No. 3:17-CV-0168-CAB-NLS, 2017 WL 2620686 (S.D. Cal. June 16, 2017) ............... 8

*Landers* v. *Quality Comms., Inc.*,
 771 F.3d 638 (9th Cir. 2014) .................................................................................... 1, 2, 4

*Levert v. Trump Ruffin Tower I, LLC*,
 No. 2:14-CV-01009-RCJ, 2015 WL 133792 (D. Nev. Jan. 9, 2015) .............................. 8

*Montanore Minerals Corp. v. Bakie*,
 867 F.3d 1160 (9th Cir. 2017) ..................................................................................... 6, 7

*Nakash v. Marciano*,
 882 F.2d 1411 (9th Cir. 1989) ..................................................................................... 5, 6

*Portillo v. Sarneveslit*,
 No. C08-00190 HRL, 2009 WL 10692059 (N.D. Cal. Feb. 11, 2009) .......................... 8

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
 656 F.3d 966 (9th Cir. 2011) .......................................................................................... 5

ii

DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

*Silvas v. E\*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ...................................................................................1

*Tan v. GrubHub, Inc.*,
   171 F. Supp. 3d 998 (N.D. Cal. 2016) ..................................................................3, 4

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ...................................................................................9

*Weitzner v. Sanofi Pasteur, Inc.*,
   No. 3:11-CV-2198, 2012 WL 1677340 (M.D. Pa. May 14, 2012)............................6

*Yucesoy v. Uber Techs., Inc.*,
   No. 15-cv-00262-EMC, 2015 WL 6955140 (N.D. Cal. Nov. 10, 2015) .............1, 3, 4

**State Cases**

*Amaral v. Cintas Corp. No. 2*,
   163 Cal. App. 4th 1157 (2008) ..................................................................................9

**Rules**

Fed. R. Civ. P. 8.................................................................................................................3

Fed. R. Civ. P. 9(b) ...........................................................................................................9

**Other Authorities**

*B Olson v. Lyft, Inc.*,
   Case No. CGC-18-566788 ...............................................................................5, 6, 7

I.      **INTRODUCTION**[1]

Under *Landers* v. *Quality Communications, Inc.*, in the context of a software application such as the "Lyft platform" that allows a person to "work" anytime he is logged into the application, a plaintiff must plead two types of allegations to state a plausible Fair Labor Standards Act ("FLSA") claim. *See* 771 F.3d 638, 644–45 (9th Cir. 2014). **First,** plaintiff must plead a definition of work that specifies whether he is "working" whenever he is logged into the Lyft platform or "working" only when he is actually driving Lyft passengers. **Second**, plaintiff must allege specific facts, like an average rate of pay, that *Landers* identifies as raising more than the possibility of under-compensation. *Id.* at 645; *see Yucesoy v. Uber Techs., Inc.*, No. 15-cv-00262-EMC, 2015 WL 6955140, at *3 (N.D. Cal. Nov. 10, 2015). Whitson does not plead facts to establish either *Landers* element and for that reason the Court should dismiss his FLSA claim.

This Court should stay or dismiss Whitson's four remaining state law claims.[2] *Colorado River* abstention applies here because there is a substantially similar action against Lyft in state court that will resolve all of the issues before this Court. That is why the court in *Del Rio v. Uber Technologies, Inc.* stayed claims against Uber on facts that are virtually identical to the facts here. *See* No. 15-cv-03667-EMC, 2016 WL 10837864, at *1–2 (N.D. Cal. Mar. 28, 2016). If the Court does not stay Whitson's state law claims, it should decline to exercise supplemental jurisdiction over them because it would save the Court's time, conserve its resources, and properly defer state law questions to California courts. Alternatively, the Court can dismiss Whitson's state law claims because he does not allege specific facts to support them.

While leave to amend might normally be granted, here the Court should grant Lyft's

---

[1] Throughout this brief, unless otherwise indicated, emphases were added to, and internal citations, footnotes, alterations, and punctuation were omitted from, quotations. "Motion" or "Mot." refers to "Defendant Lyft, Inc.'s Memorandum of Points and Authorities in Support of Motion to Dismiss or Stay," Dkt. No. 30. "Opposition" or "Opp." refers to "Plaintiff's Opposition to Defendant's Motion to Dismiss or Stay," Dkt. No. 33.

[2] Whitson does not oppose Lyft's request to dismiss his meal and rest break claim and his willful misclassification claim. Opp. at 12. Whitson also does not contest that this Court should dismiss his claims for unreimbursed expenses and unlawful deductions. *See* Mot. at 12–13. This Court should dismiss these claims without leave to amend. *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) (explaining that an issue is waived if it is not presented to the district court); *Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016).

Motion without leave to amend because Whitson has already tried and failed twice to allege facts sufficient to state a claim.[3]

## II. ARGUMENT

### A. Whitson cannot state a plausible FLSA claim because he does not articulate a theory of "work" or allege specific facts that raise more than the possibility of under-compensation.

The Ninth Circuit in *Landers* established a plaintiff's burden for pleading a plausible claim for unpaid overtime and minimum wages under the FLSA. In doing so, the *Landers* court distinguished between facts that are *necessary* to assert this claim, and the additional facts that are required for a court to find "plausibility." *See* 771 F.3d at 644–45. The *Landers* court first set forth the necessary facts: "*[A]t a minimum*, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* at 645. A FLSA plaintiff "must" plead these facts to survive a motion to dismiss. *Id.* at 644.

But the *Landers* court continued. The Court explained that Federal Rule of Civil Procedure ("Rule") 8 requires a "context-specific" plausibility analysis. *Id.* at 645; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court then provided examples of specific facts sufficient to state a plausible FLSA claim under *Twombly* and *Iqbal*: "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Landers*, 771 F.3d at 644–45.

The Ninth Circuit in *Landers* therefore drew a critical distinction between allegations that are necessary and those additional facts that are required and sufficient to state a plausible unpaid wage claim under the FLSA. At least four courts in this district—in circumstances virtually identical to the circumstances here—have interpreted *Landers* to require driver-plaintiffs to allege

---

[3] Whitson's complaints that Lyft failed to meet and confer are not well-taken. Though not required to do so, Lyft informed Whitson that his original complaint was deficient under *Landers*. *See* Dkt. No. 33-1 ("Marker Decl.") ¶ 3. Whitson's first amended complaint ("FAC") still fails to satisfy *Landers* and its progeny.

2
DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

1317521

against gig defendants: (1) a theory of "work" that allows the Court and the defendant to understand why the plaintiff believes she was underpaid, in part by defining the extent of time and money at issue; *and* (2) specific facts that do more than raise the mere possibility of under-compensation. *See Yucesoy*, 2015 WL 6955140, at *3; *Del Rio*, 2016 WL 10837864, at *3; *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998 (N.D. Cal. 2016). The courts in *Yucesoy*, *Del Rio*, and *Tan* dismissed the driver-plaintiffs' wage claims because they lacked these allegations. The district court in *Carter* also dismissed the wage claims before it for these reasons, and the Ninth Circuit affirmed that decision. *See Carter v. Rasier-CA, LLC*, No. 17-cv-00003-HSG, 2017 WL 4098858, (N.D. Cal. Sept. 15, 2017), *aff'd*, 724 F. App'x 586 (9th Cir. 2018).

Whitson attempts to distinguish *Yucesoy*, *Tan*, *Del Rio*, and *Carter* by arguing that the complaints in those cases included "waiting time" allegations—that is, allegations that the defendant did not pay drivers for time that they were logged into the defendant's software application but were waiting to receive ride requests. *See* Opp. at 5–6. According to Whitson, he does not need to articulate his theory of compensable time or specific facts because his amended complaint does not include these allegations. Whitson is wrong. His complaint gives rise to the same questions that led the courts in these cases to dismiss the plaintiffs' wage claims. Does Whitson include in the time he spent "shuttling around" Lyft passengers the hours that he was logged into the Lyft platform but was waiting for a ride request? *See* Opp. at 2; FAC ¶¶ 44, 48. Is Whitson considering "returning from" and "driving to" Lyft pick-ups compensable time if he was logged into the Lyft platform but didn't have passengers in his vehicle? *Id.* Because that allegation would seem to include "waiting time." Or is Whitson only considering this time compensable *if* he had ride requests pending? The amended complaint does not address these critical questions.

Whitson does not "allege and articulate [his] theories" of work sufficient for Lyft to defend. *Yucesoy*, 2015 WL 6955140, at *4. He cannot satisfy Rule 8's requirement to give Lyft "fair notice" of his claim and "the grounds upon which it rests." Opp. at 5 (quoting *Twombly*, 550 U.S. at 555). Like the driver-plaintiffs in *Yucesoy*, *Del Rio*, *Tan*, and *Carter*, Whitson elides what activities he considers compensable in the context of a software application that can always be on.

3
DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

Whitson cannot work an end-run around these cases and *Landers* by asserting *fewer* facts to support his theory of compensable time. Whitson argues that Lyft "already knows the exact basis for Plaintiff's claims" because it is "common knowledge." Opp. at 5. Not so. Whitson must include the bases for his allegations in his complaint. *See Twombly*, 550 U.S. at 555. *Iqbal* and *Twombly* preclude Whitson's "common sense" approach to pleading.

Whitson's unpaid wage claim fails for an additional reason. Under any theory of work, Whitson does not assert specific facts that establish a plausible claim. These facts include Whitson's average rate of pay, the hours that Whitson spent on his "long driving shifts [sic] drives," the total time that Whitson spent shuttling around Lyft passengers, how Whitson computed his rate of pay, and the overall amount that Whitson claims Lyft owes him. *See* Mot. at 5–6. Whitson does not need to assert all of these facts to state a plausible claim, nor does he need to state his calculations with "mathematical precision." *Landers*, 771 F.3d at 645–46. But Whitson's complaint must include *some* of these facts. His complaint does not include any of these facts.

Whitson argues that he satisfies *Landers* because he specified two "workweeks" that he spent driving for Lyft. Specifying weeks is necessary but not sufficient to state a plausible unpaid wage claim in this context. Weeks alone do not tell the Court or Lyft anything about how Whitson arrived at the conclusion that he was underpaid. That's why the court in *Yucesoy* dismissed the plaintiff's unpaid wage claim despite that he specified "the week of June 16, 2015" as a week in which he received less than minimum wage "for his work driving for Uber." 2015 WL 6955140, at *3–4. The *Tan* court also dismissed the plaintiffs' unpaid wage claim despite the allegation that one plaintiff drove for Grubhub "the week of November 30, 2015" and was underpaid. *See* 171 F. Supp. 3d at 1004, 1007–08. Whitson must assert additional facts about the "period of time or type of conduct" to state a plausible claim, including for instance, how many total hours he worked, his average rate of pay, how he calculated his wages, or how much he believes Lyft owes him. *Id.* at 1008.

Whitson's theory of unpaid minimum wages is even less clear given the concessions in his opposition. Lyft established that Whitson could not state a claim for unreimbursed expenses

4

DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

1317521

because the amended complaint did not: **(1)** allege any value (even estimated) of the expenses that Whitson incurred, including for gasoline, vehicle maintenance, and other vehicle operating costs; and **(2)** explain why Lyft should reimburse him for the cost of renting a vehicle from a "Lyft affiliate." *See* Mot. at 13 (quoting FAC ¶¶ 12, 44). Whitson did not respond to these arguments in his opposition. But these are the only allegations that support Whitson's minimum wage claims. *Compare* FAC ¶ 44, *with* FAC ¶¶ 72–76, 77–81. Whitson pleads that his salary fell below minimum wage because "Lyft fail[e]d to reimburse Plaintiff for business expenses incurred by Plaintiff," including gasoline, cleaning, and maintenance costs. *Id.* ¶ 44. The only expense that Whitson identifies ("$200 a week") is the cost of renting a vehicle from a Lyft affiliate, which Lyft argued is not Lyft. *Id.*; *see* Mot. at 13. Whitson has waived his objection to these arguments by failing to include them in his opposition. Whitson's wage claims must fail.[4]

      **B.**    **A stay under *Colorado River* is appropriate because *B Olson v. Lyft* is substantially similar to this case and will resolve the issues before this Court.**

Courts in this circuit weigh the following eight factors in determining whether to apply a *Colorado River* stay or dismissal:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011); *see Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 801 (1976). These factors are considered in "a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).

Whitson argues that Lyft must satisfy a first "parallelism" requirement before the Court weighs the *Colorado River* factors. Whitson is wrong. The Ninth Circuit considers "parallelism"

---

[4] Whitson also does not contest that he lacks facts for his assertion that Lyft willfully violated the FLSA. *See* Mot. at 6 n.5. By failing to respond to this argument in his opposition, Whitson has waived it. *See Farraj*, 659 F. App'x at 927. For that reason, this component of his claim should be dismissed without leave to amend.

5
DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

1317521

as part of the eighth factor. *See R.R. St. & Co. Inc.*, 656 F.3d at 982. The Ninth Circuit does not require "exact parallelism"—it requires that actions are "substantially similar."[5] *Nakash*, 882 F.2d at 1416. Actions can be substantially similar when they concern "the same relevant conduct and name[] the same pertinent parties." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1170 (9th Cir. 2017). Substantial similarity can be satisfied even where "additional parties [are] named in the state suit, the federal suit include[s] additional claims, and the suits arguably focus[] on different aspects of the dispute." *Id.*

The Ninth Circuit's criteria balance in favor of staying Whitson's state law claims. To begin, the first and fourth factors favor a stay.[6] Brandon Olson filed a case against Lyft in California state court five months before Whitson filed his initial complaint. *See B Olson v. Lyft, Inc.*, Case No. CGC-18-566788 ("the *Olson* Action"); Dkt. No. 30-3 ("Bowen Decl."), Ex. A. Whitson claims that the *Olson* Action has not "progressed in any meaningful way." Opp. at 10. Not so. The *Olson* court has ruled on dispositive motions including demurrers and motions to compel arbitration. *See* Bowen Decl., Ex. A. The *Olson* Action is therefore more advanced than this case, and proceeding in this forum would duplicate time and effort. The fifth factor also supports a stay because California law provides the rule of decision for all but one of Whitson's claims—and those claims hinge at least in part on the complex and unsettled question of whether drivers using the Lyft platform are considered "employees." *See* Mot. at 11.

The third and eighth factors also favor a stay. There is substantial similarity between the state and federal proceedings: both lawsuits name the same party (Lyft) and identify the same conduct—alleged misclassification and violations of the California Labor Code and Wage Order. The plaintiffs in *Olson* raise the same claims as the state claims that remain in this case—for unpaid overtime and minimum wages, wage statement violations, and a violation of California's

---

[5] The Third Circuit—where Whitson finds his authority—applies a stricter version of the parallelism factor that demands more than substantial similarity. *See* Opp. at 7–8. The case that Whitson cites on page eight of his opposition, *Weitzner v. Sanofi Pasteur, Inc.*, explains: "In the Third Circuit, it is important that only truly duplicative proceedings be avoided. When the claims, parties or requested relief differ, deference may not be appropriate." No. 3:11-CV-2198, 2012 WL 1677340, at *4 (M.D. Pa. May 14, 2012).

[6] Courts in the Ninth Circuit have interpreted "property" to include the claims or subject matter at issue. *See Del Rio*, 2016 WL 10837864, at *1; *Montanore Minerals Corp.*, 867 F.3d at 1166–67.

6
DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

1317521

Unfair Competition Law ("UCL"). *See* Bowen Decl., Ex. B. As a result, the *Olson* Action will resolve all of the issues before this Court. For this reason, these actions also present a risk of piecemeal litigation and conflicting results if this Court declines to stay Whitson's state claims.

Whitson argues that the sixth factor does not favor a stay, because the state court may decline to certify the class claims in the *Olson* Action. But class certification is irrelevant—Plaintiff Olson is bringing ***representative*** claims under the Private Attorneys General Act ("PAGA") on behalf of all "those who have worked as drivers for Lyft." Bowen Decl., Ex. B, 1, 12–14; Mot. at 7–8. This group includes Whitson.[7] Even if Whitson is correct, a stay means that the "federal forum will remain open if for some unexpected reason the state forum turns out to be inadequate." *Montanore Minerals Corp.*, 867 F.3d at 1170.

Though abstention is rare, it applies on these facts—and that is why the court in *Del Rio* stayed claims against Uber in nearly identical circumstances. Here, as in *Del Rio*, an action in California state court preceded an action in federal court. 2016 WL 10837864, at *1–2. Here, as in *Del Rio*, the federal plaintiff's claims were raised by the litigants in the more advanced state court proceeding. The state proceedings here and in *Del Rio* decide the "underlying question of employment status" for drivers, and allowing the state claims to proceed in federal court risks piecemeal litigation. *Id.* Factors two and seven (inconvenience and forum shopping) don't tip the balance against a stay in either case. *See also Montanore Minerals Corp.*, 867 F.3d at 1167 (finding that this factor was neutral and did not prevent a stay).

Whitson tries to distinguish *Del Rio* in one way. He contends that the federal case in *Del Rio* was a representative action, as opposed to an individual action like this case—but Whitson fails to explain how this affected the court's conclusion. *See* Opp. at 8. That's because it didn't. The *Del Rio* court found that the cases were parallel because the parties' legal claims "overlap[ped] almost entirely." 2016 WL 10837864, at *2. So too here. All of Whitson's claims

---

[7] As Lyft explained in its Motion, a different named plaintiff in the *Olson* Action (plaintiff Melnicoe) is bringing class claims for violations of the California Labor Code and California's UCL. *See id.* Those claims also overlap entirely with Whitson's claims. Whitson asserts that Lyft's position is unconstitutional because it would "tether" him to an uncertified class action. Opp. at 9. Of course, Whitson could always opt out of the Melnicoe class.

7
DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

1317521

are brought by the *Olson* plaintiffs, including the claims that Whitson agrees to dismiss in his opposition. *See* Opp. at 12. But even if Whitson is correct that the representative nature of a case affects the balancing process, this fact favors abstention here because plaintiff Olson *is* bringing a PAGA claim on behalf of a group of putative employees that includes Whitson. *Del Rio* is on-point, and this Court should stay Whitson's state law claims for the same reasons articulated in that case.

      **C.**    **If it dismisses Whitson's FLSA claim—with or without leave to amend—this Court should decline to exercise supplemental jurisdiction over Whitson's state law claims.**

This Court should dismiss Whitson's FLSA claim and stay his remaining state law claims under *Colorado River*. If the Court declines to stay his state law claims though, it should dismiss these claims for lack of supplemental jurisdiction. Whitson does not dispute that this would be a proper exercise of this Court's discretion. *See id.* at 11. He also does not contest that doing so would save this Court time and resources, and that these are valid considerations. *See* Mot. at 8; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Instead, Whitson argues this Court must dismiss his FLSA claim "with prejudice" to decline jurisdiction over his state law claims. He's incorrect. This Court can dismiss his FLSA claim "without prejudice" and "decline to exercise supplemental jurisdiction" over the state claims, as numerous other federal district courts in California have done. *Levert v. Trump Ruffin Tower I, LLC*, No. 2:14-CV-01009-RCJ, 2015 WL 133792, at *5 (D. Nev. Jan. 9, 2015); *Heck v. Heavenly Couture, Inc.*, No. 3:17-CV-0168-CAB-NLS, 2017 WL 2620686, at *3 (S.D. Cal. June 16, 2017); *Portillo v. Sarneveslit*, No. C08-00190 HRL, 2009 WL 10692059, at *3 (N.D. Cal. Feb. 11, 2009).

      **D.**    **If the Court exercises jurisdiction, it should dismiss Whitson's state law claims under *Twombly* and *Iqbal*.**

Whitson's state law claims cannot advance under *Twombly* and *Iqbal*. Whitson has agreed to dismiss his willful misclassification and meal and rest break claims, and he has waived his opportunity to contest Lyft's request to dismiss his claims for unreimbursed expenses and unlawful deductions. *See* Opp. at 12; Mot. at 12–13. Whitson's Labor Code claims for unpaid overtime and minimum wages fail for the same reasons his federal claims do. *See* Mot. at 9–10;

8

DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

1317521

Opp. at 11. Similarly, Whitson's UCL claim is derivative of his wage claims and should be dismissed for the reasons explained. *See* Opp. at 13. Whitson suggests that he states independent violations of the UCL's fairness and fraudulent conduct prongs. *Id.* But there aren't any specific facts in the amended complaint to support Whitson's assertion of unfair "habitual driver misclassification." *Id.* at 13. Who are these drivers? When did Lyft misclassify them? How? Whitson has agreed to dismiss his ***own*** claim for individual misclassification. *Id.* at 12. He cannot state a plausible claim for unfair misclassification. Whitson also doesn't include specific allegations explaining how he and other drivers relied on these statements as he must under Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1100, 1103 (9th Cir. 2003).

Whitson's wage statement allegations fail to state a claim for relief. Whitson must assert specific facts to show that Lyft "knowingly and intentionally fail[ed] to provide a statement itemizing, among other things, the total hours worked by" Whitson. FAC ¶ 64. He cannot state these facts because Lyft had a good faith belief that Whitson was not entitled to this statement. Courts in California are unsettled on whether drivers on a software application are considered employees. *See* Mot. at 11–12. It doesn't matter if Lyft's belief is ultimately correct. *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201–04 (2008). Like Whitson's other claims, this claim is not plausible and should be dismissed.

### III.  CONCLUSION

For these reasons, Lyft respectfully requests that the Court dismiss Plaintiff's complaint with prejudice and stay Plaintiff's state law claims. At a minimum, the Court should dismiss Plaintiff's meal and rest break claim, willful misclassification claim, and his claims for unreimbursed expenses and unlawful deductions because Plaintiff did not oppose Lyft's motion as to these claims. *See* Mot. at 11–12.

///

9
DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

1317521

| | |
|---|---|
| Dated: February 5, 2019 | KEKER, VAN NEST & PETERS LLP |
| | By: */s/ R. James Slaughter*<br>R. JAMES SLAUGHTER<br>ERIN E. MEYER<br>KATHRYN BOWEN |
| | Attorneys for Defendant LYFT, INC. |

10
DEFENDANT LYFT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY PLAINTIFF
NATHANIEL WHITSON'S FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06539-VC

1317521